**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| LAURESE GLOVER, ) | CASE NO. 1:12CV267 |
| ) | |
| Petitioner, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| Vs. ) | |
| ) | |
| DONALD MORGAN, Warden, ) | MEMORANDUM OF OPINION |
| ) | |
| Respondent. ) | |

**CHRISTOPHER A. BOYKO, J:**

   This matter comes before the Court on Petitioner Laurese Glover's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). Respondent filed a Motion to Dismiss (ECF#7). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, grants Respondent's Motion to Dismiss and dismisses Petitioner's Petition.

## **FACTS**

   The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and

1

detailed discussion of the facts.

On June 13, 1995, a Cuyahoga County Grand Jury issued an Indictment charging Petitioner and two co-defendants, Derrick Wheat and Eugene Johnson, with one count of Aggravated Murder each, including a Firearm Specification.  All three defendants entered a plea of not guilty to the Indictment and a joint trial commenced on January 8, 1996.  At the close of the State's case, all three defendants moved for acquittal pursuant to Ohio Crim.R. 29.  The trial court found insufficient evidence to establish prior calculation and design, and amended the Indictment to the lesser charge of Murder with respect to each defendant.  On January 18, 1996, the jury found Petitioner guilty of Murder, without the Firearm Specification.  On January 22, 1996, the court sentenced Petitioner to a term of fifteen years to life imprisonment.

Petitioner filed a timely Notice of Appeal to the Eighth District Court of Appeals.  On January 16, 1997, the Court of Appeals affirmed the judgment of the trial court.  Meanwhile, co-defendant Johnson appealed his conviction and sentence.  On January 27, 1997, the Court of Appeals denied Johnson's Appeal and affirmed the judgment of the trial court.

Johnson did not file a timely appeal to the Ohio Supreme Court, and on May 14, 1997, his Motion for Leave to File a Delayed Appeal was denied.  On January 23, 2004, Johnson filed a Motion for Leave to File a Motion for a New Trial, and a Motion for a New trial in the Cuyahoga County Court of Common Pleas.  On January 29, 2004, the court granted leave to file the Motion for a New Trial.  On February 25, 2004, the court struck the Motion for a New Trial as Johnson failed to file his new evidence within seven days of the order.  On March 16, 2004, Johnson filed a Motion for an Evidentiary Hearing based on newly discovered evidence.  Johnson had an affidavit from the identifying witness recanting

her testimony. On July 27, 2004, Johnson filed his Motion for a New Trial. On September 17, 2004, the court granted Johnson a new trial. On August 4, 2005, the Court of Appeals issued a journal entry and opinion concluding the judgment of the trial court was not reasonable and the trial court abused its discretion by granting a new trial, thereby reversing the trial court's judgment. Johnson timely appealed to the Ohio Supreme Court on September 19, 2005. On January 25, 2006, the Ohio Supreme Court declined jurisdiction and dismissed the case. Johnson's Motion for Reconsideration was denied on March 29, 2006.

On November 22, 2004, Petitioner and co-defendant Wheat filed a Joint Motion for Leave to File Motion for a New Trial. On April 19, 2005, Petitioner's Motion was denied due to res judicata. On May 6, 2005, the trial court granted Petitioner leave to file a Motion for a New Trial. Petitioner filed his Motion for a New Trial on May 12, 2005. On July 28, 2005, the court denied the Motion.

On November 21, 2006, co-defendant Johnson filed a federal habeas corpus petition. The Magistrate Judge found Johnson's Petition was time-barred, but that he was entitled to equitable tolling based on newly discovered evidence: the identification witness' alleged recantation, and new gunshot testing procedures, thus creating a credible claim of actual innocence. An evidentiary hearing was held on October 22, 2008. On August 3, 2009, the Magistrate Judge issued a Report and Recommendation recommending that Johnson's Petition for a writ of habeas corpus be denied. The Report and Recommendation was adopted on September 21, 2009.

On January 12, 2009, Petitioner filed a second Motion for Leave to File a Motion for a New Trial. The trial court granted the Motion for Leave on February 26, 2009 and

3

Petitioner filed his Motion for New Trial on March 12, 2009. On June 23, 2009, the trial court denied Petitioner's Motion. Petitioner appealed the denial of his Motion for a New Trial to the Eighth District Court of Appeals. On September 2, 2010, the Eighth District Court of Appeals affirmed the judgment of the trial court. Petitioner filed a Notice of Appeal to the Ohio Supreme Court. On February 2, 2011, the Ohio Supreme Court declined jurisdiction.

Petitioner filed the instant Petition on February 2, 2012, asserting the following grounds for relief:

> **GROUND ONE:** Laurese Glover is actually innocent of Clifton Hudson's murder. His conviction violates the U.S. Constitution.
>
> **GROUND TWO:** The new evidence presented is so compelling that it would be a violation of fundamental fairness embodied in the Due Process Clause of the U.S. Constitution not to afford Laurese Glover a new trial where new evidence would be considered.
>
> **GROUND THREE:** Laurese Glover's conviction was based on a pretrial identification procedure that was so "impermissibly suggestive as to give rise to the likelihood of irreparable misidentification" in violation of Glover's Due Process rights in violation of the U.S. Constitution. The pretrial identification procedure rendered the in court identification unusable-the subsequent use of the in court identification was in violation of Glover's due process rights in violation of the U.S. Constitution.
>
> **GROUND FOUR:** Laurese Glover's Due Process Rights embodied in the U.S. Constitution were violated when the State failed to disclose to Petitioner's trial counsel that (1) they informed Ms. Harris prior to her viewing of the three photos that they had the suspects in custody and asked her which one was the shooter, (2) the police officer administering the line-up pointed at Eugene Johnson, and (3) police "confirmed" to Ms. Harris that the identification was "correct" by informing her that "the other two" had "gunpowder" on them.
>
> **GROUND FIVE:** Laurese Glover's conviction was based on a pretrial identification procedure that was so "impermissibly suggestive as to give rise to the likelihood of irreparable misidentification" in violation of Glover's due process rights. The evidence not disclosed, listed in Petitioner's Fourth Ground for Relief, rendered the

4

pretrial identification so impermissibly suggestive that it is clear that a misidentification took place in violation of Glover's Due Process Rights in the U.S. Constitution, U.S. Const. Amend. V and XIV.

**GROUND SIX:** Laurese Glover's Due Process rights under *Brady v. Maryland* were violated when the three pieces of evidence listed out in Petitioner's Third Ground for Relief were not disclosed to trial counsel as they were impeachment material of the State's sole eyewitness.

**GROUND SEVEN:** The Eighth District Court of Appeals overturned the trial court's granting of a new trial for Eugene Johnson, which was granted, in part, based on Tamika Harris's testimony regarding the suggestiveness of the line-up procedure. The Eighth District Court of Appeals, in its reversal, failed to consider Tamika Harris's post-conviction testimony, and simply relied on the original opinion in the direct appeal of Eugene Johnson. *State v. Johnson*, 1997 Ohio App. LEXIS 100 (Ohio Ct. App., Cuyahoga County Jan. 16, 1997). The trial court denied Petitioner's Motion for New Trial based on the Eighth District Court of Appeals reversal of the trial court in *State v. Johnson*, 2005 Ohio 3724 (Ohio Ct. App., Cuyahoga County July 21, 2005). Petitioner was denied Due Process when the Eighth District Court of Appeals failed to consider the three pieces of evidence, not disclosed to Petitioner's trial counsel, listed in Petitioner's Third Ground for Relief and wholly failed to reevaluate the line-up procedures in light of this evidence.

**GROUND EIGHT:** Laurese Glover's trial counsel rendered unconstitutionally deficient representation during pre-trial and trial phases of Petitioner's trial when they (1) failed to request a suppression hearing to suppress an unconstitutional line-up procedure, and (2) failed to object to a private meeting with a juror and failed to conduct voir dire of the juror when that juror raised safety concerns when either Glover, Johnson, or Wheat (the Juror couldn't tell which one it was) said "hi" to the juror in the cafeteria at lunchtime.

**GROUND NINE:** The State committed prosecutorial misconduct during voir dire, and opening and closing arguments, when the State discussed "gang activity" of the defendants but failed to present any evidence, and engaged in unconstitutional burden shifting when the State commented on the Petitioner's failure to call an expert on gunshot residue.

**GROUND TEN:** Glover was deprived of a fair trial and due process rights when a juror who feared for their personal safety when an unidentifiable defendant said hi in the cafeteria, was permitted to deliberate on Petitioner's jury.

**GROUND ELEVEN:** The cumulative constitutional error in Grounds for Relief 1-10 deprived Glover of a fair trial in violation of due process.

5

On February 6, 2012, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. On September 9, 2012, the Petition was referred to a different magistrate judge for a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on January 25, 2013. On February 22, 2013, Petitioner filed Objections to the Magistrate Judge's Report and Recommendation.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the

6

> court may accept, reject, or modify in whole or in part any
> findings or recommendations made by the magistrate.

## ANALYSIS

Petitioner does not dispute that the instant Petition is time-barred, as asserted by Respondent. Rather, Petitioner argues he is entitled to an actual innocence finding because another district court found co-defendant Johnson met the actual innocence standard set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA). Petitioner argues that he has a credible claim of actual innocence based on new evidence. Respondent asserts that Petitioner has not presented a valid claim of actual innocence. Under the doctrine of equitable tolling, this Court has the authority to excuse late filed habeas claims in limited circumstances. *McSwain v. Davis*, 287 Fed. Appx. 450, 456 (6th Cir. 2008) (quoting *Solomon v. United States*, 467 F. 3d 928, 933 (6th Cir. 2006) (The Sixth Circuit "repeatedly caution[s] that equitable tolling should be granted 'sparingly'"). While the initial burden of raising the statute of limitations defense is on the state, the burden of proof is on the habeas petitioner to persuade the court he or she is entitled to equitable tolling. *McSwain*, 287 Fed. Appx. at 456. One form of equitable tolling recognized by the Sixth Circuit is the claim of "actual innocence." *Souter v. Jones*, 395 F.3d 577, 588-89 (6th Cir. 2005).

Petitioner contends that he has met the actual innocence exception to the statute of limitations. The two primary pieces of evidence that Petitioner claims demonstrates his actual innocence are the recantation of the only identification witness, and new science and scientific studies in the area of gunshot residue. Respondent asserts that Petitioner's actual innocence claims are meritless, thus all grounds for relief are

7

procedurally defaulted.

To demonstrate actual innocence, the petitioner must present new evidence of innocence that is so strong that a court cannot have confidence in the outcome of the trial. *Schlup v. Delo*, 513 U.S. 861, 861 (1995). The petitioner must show that it is more likely than not that no reasonable juror, in light of the new evidence, would have voted to find him guilty beyond a reasonable doubt. *Schlup*, 513 U.S. 298, 327 (1995). The Magistrate Judge determined that while the parties in this case are certainly linked, each played different roles, with different pieces of evidence linking them to the crime. The Magistrate Judge concluded that all the testimony and evidence relating to Petitioner remains the same.

On January 12, 1996, the now-recanting witness testified at the murder trial, after which Petitioner, Johnson, and co-defendant Wheat were convicted. In 2000, the witness expressed misgivings about her trial testimony to her mother after reading a magazine article about inmates that were innocent of the crimes for which they were convicted. The witness then emailed the website and communicated that she may have been incorrect in her statement and testimony. In 2003, the witness met with an advocate for co-defendant Johnson and provided an affidavit regarding her trial testimony and identification of Johnson.

Recanting witnesses are viewed with extreme suspicion. *McCray v. Vasbinder*, 499 F.3d 568, 574 (6th Cir. 2007). Recantation "upsets society's interest in finality of convictions, is very often unreliable and given for suspect motives, and most often serves merely to impeach cumulative evidence rather than to undermine confidence in the accuracy of the conviction." *Carter v. Mitchell*, 443 F.3d 517, 539 (6th Cir. 2006)

(citing *Dobbert v. Wainwright*, 468 U.S. 1231, 1233-34 (1984)).

The recanting witness' doubts are related to her identification of one of the co-defendants.  Her testimony related to this Petitioner's role has not changed.  The witness identified the vehicle, and Petitioner was the driver of that vehicle.  The witness heard the gunshots and saw the vehicle slow down after the victim was shot.  Petitioner's vehicle was later tested and contained lead particles consistent with gunshot residue.  The Court agrees with the Magistrate Judge that the witness' testimony regarding her identification of Johnson is not directly related to Petitioner's claim of actual innocence.  Petitioner was never identified by this witness; his conviction was based on his presence in the car at the time of the shooting.  The Court finds that Petitioner has not shown that the witness' recantation of the identification of Johnson meets the standard of actual innocence for this Petitioner.

Petitioner also contends that the gunshot residue test performed on him and his co-defendants was unreliable. Petitioner's basis for this argument is that a more accurate test has been developed since his trial.  The Court agrees with the Magistrate Judge's conclusion that while the original testing may be outdated, it was not unreliable.  At trial, a forensic scientist testified as an expert witness concerning the gunshot residue ("GSR").  The expert obtained samples collected from the hands and clothes of Petitioner and his co-defendants.  The test traces particles consistent with GSR for someone who fired a gun, or was nearby a gun being discharged in close proximity.  Petitioner was the driver of the vehicle and the vehicle tested positive for GSR.  The expert testified there was no indication the samples taken were contaminated.

Respondent asserts that Petitioner has not presented a valid claim of actual

9

innocence with respect to the gunshot residue test. In his Objections to the Magistrate Judge's Report and Recommendation, Petitioner contends that all three defendants were exposed to GSR while in the police environment prior to their clothes and hands being swabbed. Testing showed that the vehicle contained lead residue consistent with particles of GSR. Petitioner was the driver of the vehicle. Petitioner argues that the presence of lead particles is not always an indication of GSR. The Court agrees with the Magistrate Judge's conclusion that Petitioner only shows that new gunshot residue testing has improved, or is more accurate.

The test used at the time of the incident was an accepted scientific test, and simply because there is a newer, improved test, that does not mean it was previously unreliable. The Magistrate Judge correctly points out that actual innocence must be based on "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Petitioner has failed to show that he is actually innocent based on the scientific evidence of the gunshot residue.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments. The Court finds that Petitioner is not "actually innocent" according to the standard set forth in *Schlup* and *Souter*. Therefore, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation, grants Respondent's Motion to Dismiss, and dismisses Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody as time-barred. Petitioner's remaining motions are moot and denied

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3).  Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

      IT IS SO ORDERED.


Date:3/4/2013                    s/Christopher A. Boyko
                                       CHRISTOPHER A. BOYKO
                                       United States District Judge